UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUEWARD W. CRANFORD, II, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF INTERIOR, *et al.*,<br><br>    Defendants. | Civ. Action No. 25-1116 (EGS) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Emergency Application (Motion) for Ex Parte Temporary Restraining Order ("Ex Parte TRO Motion"). *See* Ex Parte TRO Motion, ECF No. 26. For the reasons explained below, the Ex Parte TRO Motion is **DENIED**.

Federal Rule of Civil Procedure 65(b) provides that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). The Local Rules of the District Court for the District of

Columbia provide that "[e]xcept in an emergency, the court will not consider an ex parte application for a temporary restraining order." LCvR 65.1.

"As the Supreme Court has noted, Rule 65's stringent restrictions 'reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Omar v. Harvey*, Civil Action No. 05-2374, 2006 WL 286861, at *1 (D.D.C. Feb. 6, 2006)(quoting *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 438-39, (1974)). "For that reason, *ex parte* temporary restraining orders 'should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Id. (*quoting *Granny Goose Foods,* 415 U.S. at 439).

Accordingly, ex parte temporary restraining orders may be appropriate when a plaintiff demonstrates that notice prior to the order's issuance was not possible because the defendant could not be located in a timely manner, *see First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993); or where the identity of the adverse party is unknown, *see Am. Can Co. v. Mansukhani,* 742 F.2d 314, 322 (7th Cir. 1984).

As an initial matter, a verified Complaint has not been filed in this case. *See* Compl., ECF No. 1. The attorney

2

Affidavit filed with the motion alleges that an emergency has been created as a result of the Court's previously having granted two motions for extension of time for Defendants to respond to the Complaint, which extended the time for Defendants to respond from June 16, 2025 until October 14, 2025, combined with the recent 43-day federal government shutdown. *See* Aff. in Supp. Of Emergency Appl. for Ex Parte Restraining Order ("Affidavit"), ECF No. 26-11 ¶ 8. The Affidavit further states that "I also have concluded, based on my extensive investigation, that unless the Court grants the emergency *ex parte* and noticed temporary restraining order-based relief requested as set forth below, the harms that Plaintiffs will suffer will be serious and great and irreparable and irretrievable." *Id*. ¶ 9. The Affidavit, however, points to no specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See generally id*. Neither has "the movant's attorney certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." *See generally id*. Neither the Affidavit nor the Memorandum of Law in Support of [the] Emergency Application for Ex Parte Temporary Restraining Order contains any information about why the motion needs to be considered on an ex parte basis. *See id.; see also* Mem. of Law in Supp. of [the] Emergency

3

Application for Ex Parte Temporary Restraining Order, ECF No. 26-1. Furthermore, Plaintiffs have not demonstrated that notice prior to the issuance of any order is impossible because Defendants cannot be located in a timely manner, or that the identity of the Defendants is unknown. The location and identity of the Defendants in this case is clearly known. Finally, Plaintiffs do not seek to preserve the status quo; rather they seek to enjoin and restrain Defendants from continuing to act. *See* Proposed Order, ECF No. 26-12.

For the reasons explained above, Plaintiffs have failed to comply with the requirements set forth in Federal Rule of Civil Procedure 65(b) for the issuance of an ex parte temporary restraining order. And because they have failed to do so, the Court need not conduct an analysis of the factors relevant to considering whether to grant injunctive relief.

The Clerk of Court is respectfully requested to post the Ex Parte TRO Motion and its attachments, located at ECF No. 26, on the public docket in this case.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Emergency Application (Motion) for Ex Parte Temporary Restraining Order, ECF No. 26, is **DENIED**.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**United States District Judge**
**December 12, 2025**