UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUEWARD W. CRANFORD, II, et al.,

Plaintiff,

v.

U.S. DEPARTMENT OF INTERIOR, et al.,

Defendant.

Civil Action No. 25-1116 (EGS)

**GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LIMITED EXPEDITED JURISDICTIONAL DISCOVERY AND
MEMORANDUM IN SUPPORT THEREOF**

By and through undersigned counsel, the Government Defendants[1] respectfully file this opposition to Plaintiffs' Motion for Limited Expedited Jurisdictional Discovery ("Motion for Jurisdictional Discovery") (ECF No. 60).   The grounds for the Government Defendants' opposition to Plaintiffs' motion are set forth below.

---

[1]    The Government Defendants include the United States Department of Interior ("Interior"), the Bureau of Indian Affairs (the "Bureau"), the National Indian Gaming Commission (the "Commission"), the United States Department of Justice ("DOJ"), Secretary of Interior Doug Burgum in his official capacity, Solicitor of the Interior William Doffermyre in his official capacity, Associate Solicitor of the Interior Eric Shepard in his official capacity, Bureau Director Bryan Mercier in his official capacity, Bureau Regional Director Ryan Hunter in his official capacity, Attorney General Pamela Bondi in her official capacity, Principal Deputy Assistant Attorney General Adam R.F. Gustafson in his official capacity, DOJ Office of Tribal Justice Director Gina Allery in her official capacity, and the Section Chief of the DOJ Tribal Resources Section of the Environment and Natural Resources Division, Daron Carreiro, in his official capacity.

**BACKGROUND**

The procedural history of this case is set forth in the response by the individual federal defendants' to Plaintiffs' Motion for Jurisdictional Discovery and is incorporated herein by reference.

Plaintiffs' motion prematurely argues that discovery is needed to respond to a motion to dismiss that has not yet been filed. Plaintiffs anticipate that the Government Defendants will argue that Plaintiffs' action is time-barred by the federal six-year statute of limitations. Pls' Mem. (ECF No. 60-1) at 12. They also anticipate that the Government Defendants will argue Plaintiffs' claims are barred by issue and claim preclusion. *Id*. at 15. Neither is a jurisdictional argument, however, and thus would not be a basis to seek jurisdictional discovery were such arguments raised in the forthcoming motion.

Plaintiffs seek leave to serve sixteen interrogatories and five document requests upon the Government Defendants. *See* ECF No. 60-2 at 8-12; ECF No. 60-3 at 8-12. None seek factual information that might be relevant to the Court's jurisdiction.

Plaintiff also request to take the depositions of Defendant Eric Shepard ("Shepard"), Defendant Ryan Hunter ("Hunter"), Amy Dutschke, and Sara Dutschke, each for three and a half hours. ECF Nos. 60-4, 60-5, 60-6, 60-7, 60-8. The stated subjects of these depositions likewise do not pertain to the Court's jurisdiction. *See* Pls' Memo. (ECF No. 60-1) at 28-29.

**LEGAL STANDARD**

Plaintiffs ask the Court to apply the reasonableness standard for expedited discovery instead of the Court's standard for jurisdictional discovery. *See* Pls' Memo. (ECF No. 60-1) at 9-11. However, the premise of Plaintiffs' motion is that the discovery is needed to response to an anticipated motion to dismiss. Thus, the Court should apply the standard for jurisdictional discovery. *See Does 1-9 v. Dep't of Justice*, Civ. A. No. 25-0325 (JMC), 2025 WL 894120, at *5

(D.D.C. Mar. 22, 2025) (explaining the different standards for "expedited jurisdictional discovery" and then "expedited general discovery").

"It is well established that the 'district court has broad discretion in its resolution of [jurisdictional] discovery problems.'" *NBC-USA Housing, Inc. Twenty-Six v. Donovan*, 741 F. Supp. 2d 55, 60 (D.D.C. 2010) (quoting *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093 (D.C. Cir. 2008)). "[J]urisdictional discovery is not a fishing expedition." *Triple Up Ltd. v. Youku Tudou Inc.*, No. 17-7033, 2018 WL 4440459, at *3 (D.C. Cir. July 17, 2018). Under its discretion to control discovery, a court may allow jurisdictional discovery if the plaintiff demonstrates that it has a "'good faith belief that such discovery will enable it to show that the court has [] jurisdiction over the defendant.'" *App Dynamic ehf v. Vignisson*, 87 F. Supp. 3d 322, 329 (D.D.C. 2015) (Sullivan, J.) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C.Cir.1998)); *see also Lewis v. Mutond*, 62 F.4th 587, 595-96 (D.C. Cir. 2023). However, the motion cannot be based on "mere conjecture and speculation." *Vignisson*, 87 F. Supp. 3d at 329 (citation, internal quotation marks and alterations omitted). Rather, "plaintiff must make a 'detailed showing' of what discovery" it needs to help establish the court's jurisdiction. *Williams v. ROMARM*, 187 F. Supp. 3d 63, 72 (D.D.C. 2013) (Sullivan, J.) (quoting *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 53 (D.D.C. 2003)). "'Where there is no showing of how jurisdictional discovery would help plaintiff discovery anything new, 'it [is] inappropriate to subject [defendants] to the burden and expense of discovery.'" *NBC-USA Housing, Inc. Twenty-Six*, 741 F. Supp. 2d at 60 (quoting *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 53 (D.D.C. 2003)); *see also Vignisson*, 87 F. Supp. 3d at 329.

**ARGUMENT**

**I.**      **The Court Should Deny Plaintiffs' Request for Jurisdictional Discovery as Their Discovery Would Not Help Resolve Any Jurisdictional Issues.**

Plaintiffs have outlined what they believe the Government Defendants will argue in their motions to dismiss and what they plan to argue in response. *See* Memo. (ECF No. 60-1) at 13-21. The arguments they identify—statute of limitations, res judicata and collateral estoppel—are not jurisdictional issues, however. Thus, Plaintiffs assertion of their planned response—that there is an alleged continuing daily violation and that there are intervening judicial pronouncements—are not subject to discovery. Were the Government Defendants to raise those issues under Rule 12(b)(6), they would be dependent on the allegations in the Complaint as well as documents incorporated by reference in the Complaint and matters about which the Court can take judicial notice. *See Norton v. United States*, Civ. A. No. 21-0724 (GMH), 2025 WL 2970475 at *5 (D.D.C. Oct. 22, 2025) (quoting *O'Gilvie v. Corp. for Nat'l Cmty. Serv.*, 802 F. Supp. 2d 77, 80-81 (D.D.C. 2011)); *see also Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016), *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013). In the event the Government Defendants moved in the alternative for summary judgment, then Plaintiffs would have the opportunity to seek relief under Rule 56(d) if they could satisfy that rule. At this stage, however, those possibilities are mere speculation and cannot support a motion for discovery.

**II.**      **The Court Should Deny Plaintiffs' Request for Jurisdictional Discovery as They Request Information Unrelated to Jurisdictional Questions.**

Plaintiffs argue that they require discovery to defend against the Defendants' upcoming motions to dismiss. However, the discovery that Plaintiffs request is broader than just discovery into jurisdictional issues. Plaintiffs' interrogatories one, two, six, nine, twelve, and sixteen ask questions related to the acceptance into trust allegedly on March 20, 2020 and October 17, 2020 of the Amador land parcels. *See* ECF. 60-2 at 8-12. These interrogatories are related to elements of Plaintiffs' actual case and not jurisdiction. Plaintiffs' interrogatory three asks who concluded

that the United States allegedly authorized to bypass Part 151 fee-or-trust process and procedures. *See id.* at 9. Plaintiffs' interrogatory eight asks who allegedly concluded that the United States allegedly authorized them to bypass Part 83 Indian tribe federal recognition processes and procedures, interrogatory fourteen. *See id*. at 10. Plaintiffs' interrogatory fourteen asks who allegedly concluded that the United States allegedly authorized them to bypass the Fifth Amendment's Equal Protection guarantees. *See id*. at 11-12. Even looking past these interrogatories' objectionable nature, they are not related to jurisdictional questions. The remainder of Plaintiffs' interrogatories are likewise not related to jurisdictional questions.

Further, many of Plaintiffs' proposed discovery requests ask for information likely protected by attorney work production privilege. Plaintiffs' interrogatories one, two, six, seven, nine, ten, eleven, and twelve, ask "based on what specific legal authority(ies) (domestic and/or international)" Defendants conducted certain alleged actions. *See* ECF No. 60-2 at 8-12. This, in effect, asks for Defendants' legal conclusions, which are precluded as work product under Rule 26(b)(3)(B). *See Wright v. U.S. Dep't of Justice*, 121 F. Supp. 3d 171, 184 (D.D.C. 2015) ("This privilege protects 'mental impressions, conclusions, opinions, or legal theories of a party's attorney,' Fed. R. Civ. P. 26(b)(3)(8), and 'factual materials prepared in anticipation of litigation,' *Heggestad v. U.S. Dep't of Justice*, 182 F. Supp. 2d 1, 8 (D.D.C. 2000), which are 'reflected . . . in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways,' *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 91 L. Ed. 451 (1947)").

Similarly, Plaintiffs' requests for production are not related to jurisdictional questions. Plaintiffs' first request for production asks for all documents which Defendants used, consulted, or reviewed in preparing their responses to Plaintiffs' interrogatories. Their second request is

similar to their eighth interrogatory and is similarly not relevant.  Plaintiffs' other requests ask for documents without a connection to any jurisdictional issues.  Plaintiffs' request for depositions, which are redundant to their other requests, also seek information unrelated to the Court's jurisdiction.

### III.    Even if the Reasonableness Test Applied, Plaintiffs Motion Should Be Denied.

Plaintiffs ask the Court to apply the reasonableness standard for expedited discovery instead of the Court's standard for jurisdictional discovery.  *See* Pls' Memo. (ECF No. 60-1) at 9-11.  "Under the reasonableness test, 'courts consider the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances." *Legal Tech. Group, Inc. v. Mukerji*, Civ. A. No. 17-0631 (RBW), 2017 WL 7279398, at *2 (D.D.C. Jun. 5, 2017) (quoting *Disability Rts. Council*, 234 F.R.D. at 6).  Common factors include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *Disability Rts. Council*, 234 F.R.D. at 6.  Even were the reasonableness test applied, Plaintiffs' motion should still be denied.

### A.    The Second and Third Factors Weigh Against Granting Plaintiffs' Motion.

The Court has already denied Plaintiffs' motion for a preliminary injunction.  *See* Order Denying Mot. for Preliminary Injunction (ECF No. 53), Memo. Op. (ECF No. 55).  Therefore, the first factor is inapplicable.  As for the second factor, "any requested discovery must be limited in scope to requesting specific records or information[.]" *Attikisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (analyzing the limitations in scope for discovery requests related to the identify of Doe defendants).  "By contrast, when a plaintiff's discovery requests 'would go to the heart of th[e] case,' such that they become discovery that seeks to prove an element of the plaintiff's case,

a request for expedited discovery is inappropriate." *Id.* (citing *Guttenberg*, 26 F. Supp. 3d at 98).

Here, Plaintiffs' proposed discovery requests are not targeted but go to the merits of Plaintiffs'

claims (at least as Plaintiffs appear to perceive the merits) and are overly broad.  Finally, the stated

purpose of the discovery is to enable Plaintiffs to respond to expected arguments on statute of

limitation, issue preclusion and claim preclusion grounds, which are not jurisdictional issues but,

if raised in a motion to dismiss, would be decided on the pleadings based on Rule 12(b)(6).

**B.      The Fourth Factor Weighs Against Granting Plaintiffs' Motion as The Burden on the Defendants to Comply with Discovery Would Be Heavy.**

"When the burden is low, such as responding to only one to a few discovery requests, then

this factor supports granting the motion for expedited discovery."  *Attkisson*, 113 F. Supp. 3d at

165 (citing *Humane Soc'y v. Amazon.com, Inc.*, Civ. A. No. 07-623 (CKK), 2007 WL 1297170 at

*3 (D.C.C. May 1, 2007)).  "By contrast, when the defendants would have to 'expend[ ] a huge

amount of resources' to comply with expedited discovery, [this] factor supports denying the

motion for expedited discovery."  *Id.* (citing *True the Vote, Inc. v. IRS*, Civ A. No. 13-734 (RBW),

2014 WL 4347197 at *8 (D.C.C. Aug. 7, 2014)).

Here, while Plaintiffs propose fewer discovery requests than they previously proposed

while their preliminary injunction motion was pending, Plaintiffs' requests are still burdensome.

Plaintiffs still propose sixteen interrogatories, five requests for production with the fourth request

containing twenty subparts, and four depositions.  In particular, the depositions that Plaintiffs

request would require travel to California by both counsels for Defendants as Plaintiffs propose to

take Hunter's, Amy Dutschke's, and Sara Dutschke's depositions at the Burean of Indian Affairs

("BIA") in Sacramento, California.  *See* ECF No. 60-4, 60-5, 60-6.  But even if travel were not

necessary, four depositions at this stage of a proceeding still would be burdensome.

**C.      The Fifth Factor Weighs Against Granting Plaintiffs' Motion as Plaintiffs' Requests Are Well In Advance of the Typical Discovery Process.**

"Because discovery typically occurs after the resolution of motions to dismiss, presenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored." *Attkisson*, 113 F. Supp. 3d at 165 (citing *True the Vote*, 2014 WL 4347197 at \*8 and *Guttenberg*, 26 F. Supp. 3d at 99) (cleaned up). "[R]equiring defendants to comply with an order for expedited discovery when the case may later be dismissed for failure to state a claim could 'force [ ] [the defendants] to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action.'" *Id.* (citing *Guttenberg*, 26 F. Supp. 3d at 99). Here, Plaintiffs' motion was submitted before Defendants' deadline to brief motions to dismiss. As the Government Defendants have previewed, they have several arguments for why Plaintiffs' case should be dismissed. ECF No. 32 at 15-36. Therefore, the fifth factor weighs against granting Plaintiffs' motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

*      *      *

**CONCLUSION**

For these reasons, the Court should deny Plaintiffs' Motion for Limited Expedited Jurisdictional Discovery.

Dated: March 16, 2026                    Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney


                                        By:        */s/ Xinyu Yang*
                                        Xinyu Yang, Texas Bar #24098643
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530
                                        202-252-7225
                                        Xinyu.Yang@usdoj.gov

                                        *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUEWARD W. CRANFORD, II, et al.,

       Plaintiff,

v.

U.S. DEPARTMENT OF INTERIOR, et al.,

       Defendant.

Civil Action No. 25-1116 (EGS)

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' Motion for Limited Expedited Jurisdictional Discovery, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED:

_____
Date

_____
EMMET G. SULLIVAN
United States District Judge