**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DUEWARD W. CRANFORD, II, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>U.S. DEPARTMENT OF INTERIOR, e*t al.*,<br><br>          Defendants. | Civil Action No. 25-1116 (EGS) |

**MEMORANDUM OPINION**

## I.   Introduction

Dueward W. Cranford, II; Jon Colburn; William Braun; and the Citizens for Equal Rights Alliance ("CERA") (collectively "Plaintiffs") sue the U.S. Department of the Interior ("Interior"); U.S. Bureau of Indian Affairs; the National Indian Gaming Commission; the U.S. Department of Justice; Dough Burgum, Secretary of the Interior; William Doffermyre, Solicitor, U.S. Department of the Interior, Office of the Solicitor; Eric Shepard, Associate Solicitor, Indian Affairs, U.S. Department of the Interior; Bryan Mercier, Director, U.S. Bureau of Indian Affairs, Office of the Solicitor; Ryan Hunter, Acting Regional Director, Pacific Southwest Regional Office, U.S. Bureau of Indian Affairs, and Head of the California Fee to Trust Consortium; Pamela Bondi, U.S. Attorney General; Adam R.F. Gustafson, Acting Attorney General, U.S. Department of Justice

1

Environment and Natural Resources Division; Gina Allery, Director, Office of Tribal Justice, U.S. Department of Justice; and the Acting Director, Tribal Resources Section, U.S. Department of Justice, Environment and Natural Resources Division (collectively, "Defendants").[1] *See* Compl., ECF No. 1.[2] Plaintiffs sue the individual Defendants in both their official and individual capacities. *See id.* Plaintiffs state the following claims for relief: (1) violations of the Federal Recognition Tribal List Act, *see id.* at 34; (2) the Ione Band is not eligible under the Indian Reorganization Act and/or the Indian Consolidation Act to acquire land; (3) violations of the "property/territory" clause of the U.S. Constitution and the Tenth Amendment, *see id.* at 55; and (4) Conspiracy under 42 U.S.C. § 1985, *see id.* at 67.

Plaintiffs moved for a preliminary injunction on September 15, 2025, *see* Mot. for Prelim. Inj., ECF No. 17; Mem. of Law in Support (collectively "MPI"), ECF No. 17-1; which the Court denied on February 10, 2026, *see* Mem. Op., ECF No. 55. The Court

---

[1] William Doffermyre was confirmed as the Solicitor of the Department of the Interior on September 18, 2025. Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), he is automatically substituted for Acting Solicitor Gregory Zerzan. Acting Regional Director Ryan Hunter is substituted for his predecessor, Amy Dutschke pursuant to Rule 25(d).
[2] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

incorporates the detailed factual background of this matter from its prior Memorandum Opinion denying Plaintiffs' Motion for Preliminary Injunction. *See id.*

Pending before the Court is Plaintiffs' Motion for Limited Expedited Jurisdictional Discovery. *See* Pls.' Mot. for Limited Expedited Jurisdictional Disc., ECF No. 60; Mem. of Law Supp. Pls.' Mot. for Limited Expedited Jurisdictional Disc., (collectively, "Pls.' Mot.") ECF No. 60-1. Plaintiffs argue that the written and oral discovery sought is "proportional and narrowly tailored to support their forthcoming Opposition to Defendants' forthcoming Motions to Dismiss." *Id*. at 7. Upon careful consideration of Plaintiffs' motion, the Defendants' oppositions, the reply, and sur-reply[3] thereto; the applicable law; and for the reasons discussed below, the Court **DENIES** Plaintiffs' motion.

## II.  Legal Standard

Plaintiffs ask the Court to grant them expedited jurisdictional discovery to obtain information to support their opposition to the Defendants' anticipated Motion to Dismiss. *See* Pls.' Mot., ECF No. 60-1 at 11. In doing so, however, Plaintiffs

---

[3] Defendants request leave to file a sur-reply to address new matters raised in Plaintiff's Reply. Mot. for Leave to File Sur-Reply, ECF No. 66. The Court therefore **GRANTS** the motion over Plaintiffs' objection. As discussed in this Memorandum Opinion, Plaintiffs raise new arguments in support of their motion for jurisdictional discovery in their Reply briefing.

ask the Court to apply the incorrect legal standard for jurisdictional discovery.

Plaintiffs do not seek expedited general discovery, requests for which courts in this District evaluate under a five-factor reasonableness test. *See Attkisson v. Holder,* 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (explaining reasonableness, or "good-cause" standard for expedited discovery). However, in cases "where issues arise as to jurisdiction ... discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, n. 13 (1978). "[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified." *GTE New Media Servs. Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1351 (D.C. Cir. 2000).

"Whether to permit jurisdictional discovery rests in the discretion of the district court." *In re Papst Licensing GMBH & Co. KG Litig.,* 590 F.Supp.2d 94, 101 (D.D.C. 2008); *see also FC Inv. Grp. v. IFX Markets, Ltd.,* 529 F.3d 1087, 1093 (D.C. Cir. 2008). As the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has made clear, "in order to get jurisdictional discovery a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless*

*P.L.C.,* 148 F.3d 1080, 1090 (D.C. Cir. 1998) (citing cases). The D.C. Circuit "allow[s] jurisdictional discovery and factfinding if allegations indicate its likely utility." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1024 (D.C. Cir. 1998). Furthermore, when requesting jurisdictional discovery, "a plaintiff must make a 'detailed showing' of what discovery it wishes to conduct or what results it thinks such discovery would produce.'" *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 53 (D.D.C. 2003) (quoting *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 130 (D.D.C. 2000)). Discovery is not warranted "where a plaintiff 'simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction.'" *In re Papst,* 590 F. Supp. 2d at 101 (quoting *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory,* 283 F.3d 208, 215 n. 3 (4th Cir. 2002)).

As with any type of discovery, the district court's discretion is "cabined by Rule 26(b)'s general limitations." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020). Pursuant to Rule 26(b), discovery must be relevant and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1).

## III. Analysis

### A. Jurisdictional Discovery is Premature

"To obtain jurisdictional discovery a plaintiff must request discovery in a detailed manner 'at an appropriate stage

in the course of litigation.'" *Cockrum v. Donald J. Trump for President, Inc.,* 319 F. Supp. 3d 158, 187 (D.D.C. 2018) (quoting *City of Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10, 14 (D.D.C. 2007)). The "appropriate time to request jurisdictional discovery is in opposition to the defendant's motion—whether a plaintiff files a separate motion for jurisdictional discovery or puts the Court on notice by requesting jurisdictional discovery in a detailed manner in the opposition to the motion to dismiss." *Id*. at 187; *City of Moundridge,* 244 F.R.D. at 14 and n.8 (finding discovery not warranted where party only sought it after an adverse result on a motion to dismiss and requested it a year and a half after the opposition was filed); *Second Amend. Found. v. U.S. Conf. of Mayors,* 274 F.3d 521, 525 (D.C. Cir. 2001) (finding no error where district court dismissed request for jurisdictional discovery where plaintiff failed to request discovery in opposition to the motion to dismiss).

As the docket in this case reflects, there are no pending motions to dismiss. *See generally* Dkt. in Case No. 1::25-cv-01116. Therefore, the proper time for Plaintiffs to seek jurisdictional discovery is after Defendants move to dismiss.

### B. Even if it is Timely, Plaintiffs' Request is Speculative and Does not Hinge on Jurisdictional Issues

Plaintiffs argue that jurisdictional discovery is necessary to rebut Defendants' "likely motions to dismiss on subject

matter jurisdiction grounds on the basis of claim and issue preclusion" and the applicable statute of limitations. Pls. Mot., ECF No. 60-1 at 8, 12-15.

To obtain jurisdictional discovery, "a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has [] jurisdiction over the defendant." *Caribbean Broad. Sys.,* 148 F.3d at 1090. A request for jurisdictional discovery cannot be based on "speculation." *Bastin v. Fed. Nat'l Mortg. Ass'n,* 104 F.3d 1392, 1396 (D.C. Cir. 1997).

At this juncture, Plaintiffs can only speculate that Defendants will raise certain arguments in a motion to dismiss— they claim that such reasons for dismissal are "likely" claims based on prior preliminary injunction briefing. Pls.' Mot., ECF No. 60-1 at 8, 12-15. However, only one of the Plaintiffs' anticipated reasons for dismissal—sovereign immunity—is a jurisdictional defense.

First, the defense of res judicata, or claim preclusion, while having a "somewhat jurisdictional character," *SBC Commc'ns Inc. v. FCC,* 407 F.3d 1223, 1229-30 (D.C. Cir. 2005), does not affect the jurisdiction of the district court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter") (citing Fed. R. Civ. P. 8(c)); *N.Y. Shipping Ass'n v. Fed. Mar.*

*Comm'n,* 854 F.2d 1338, 1352 (D.C. Cir. 1988) (stating that claim and issue preclusion are a defense to prevent fragmented litigation but are not a "jurisdictional bar"). And while "[s]tatute of limitations defenses may affect the success of a plaintiff's claim for relief, [] they do not deprive a court of subject matter jurisdiction." *Reynolds v. Sheet Metal Workers, Loc. 102,* 702 F.2d 221, 224 (D.C. Cir. 1981).

In addition to arguing that claim preclusion, issue preclusion, and the statute of limitations bar Plaintiffs' claims, Defendants previously argued in their Opposition to Plaintiffs' Motion for Preliminary Injunction that "the Fourteenth Amendment did not apply to federal action under color of federal law, that Plaintiffs failed to allege violations under the Fifth and Tenth Amendments and Property Clause, that the Thirteenth Amendment did not provide a private right of action and that Plaintiffs failed to allege an ultra vires claim." Defs.' Sur-Reply, ECF No. 66-1 at 5. In their Reply, Plaintiffs raise, for the first time, the argument that jurisdictional discovery is needed to defend against Defendant's anticipated dismissal arguments regarding sovereign immunity, the Fourteenth Amendment, and the Thirteenth Amendment. Pls.' Reply, ECF No. 64 at 6. Plaintiffs also argue that Defendants "impliedly argued" in their Opposition to Plaintiffs' Motion for Preliminary Injunction that the Court lacks subject matter

8

jurisdiction by arguing that Plaintiffs failed to allege violations of the Tenth Amendment, the Property Clause, the Fifth Amendment, or to state an ultra vires claim. Pls.' Reply, ECF No. 64 at 8.

These potential defenses, as Defendants point out in their sur-reply, concern merits issues and whether Plaintiffs can state a claim, not whether the Court has jurisdiction to hear them. Defs.' Sur-Reply, ECF No. 66-1 at 5. In arguing that the Fourteenth and Thirteenth Amendments do not apply to the federal government, Defendants did not assert that the Court lacks subject matter jurisdiction with respect to these claims; rather, they argued that neither of these amendments apply to the federal government. *See* Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 32 at 25, 28-29; *see Chang v. United States*, No. 22-352, 2023 WL 8697831, at *20 n. 16 (D.D.C. Dec. 15, 2023), *aff'd,* No. 24-5005, 2024 WL 3299620 (D.C. Cir. July 2, 2024) (dismissing Fourteenth Amendment claim via 12(b)(6) motion)). Defendants more explicitly argued that plaintiffs fail to *allege* violations of the Tenth Amendment, Property Clause, Fifth Amendment, and ultra vires claims—not that the Court lacks jurisdiction to hear them. *See generally* Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 32.

Jurisdictional discovery is justified if "a party demonstrates that it can supplement its jurisdictional

allegations through discovery." *App Dynamic ehf v. Vignisson,* 87 F. Supp. 3d 322, 329 (D.D.C. 2015). Preclusion and statute of limitations are not "jurisdictional allegations" and thus do not affect the Court's jurisdictional analysis. *Id.* Nor did Defendants indicate in their Opposition to Plaintiffs' Motion for Preliminary Injunction that they seek to frame their constitutional arguments as jurisdictional. *See* Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 32 at 25, 28-29. Thus, discovery sought on the basis of the above justifications would not have a "likely utility" to the Court in resolving a factual dispute that impacts the Court's jurisdiction over this matter. *Pena,* 147 F.3d at 1024.

### C. Plaintiffs Fail to Show how Jurisdictional Discovery Regarding Sovereign Immunity Would Impact the Court's Jurisdictional Analysis

Sovereign immunity is thus the only remaining potential defense that Defendants could raise on a Motion to Dismiss that would impact the Court's jurisdiction over the Defendants. *See Hulley Enters. Ltd. v. Russian Fed'n,* 149 F.4th 682, 691 (D.C. Cir. 2025) (stating that "sovereign immunity is a jurisdictional issue"); *Howard v. United States,* 949 F. Supp. 2d 54, 56 (D.D.C. 2013), *aff'd sub nom. In re Howard,* No. 13-5261, 2014 WL 4628254 (D.C. Cir. July 14, 2014) ("sovereign immunity…is a jurisdictional basis for dismissal"). Because sovereign immunity is only available to the "government itself and to any federal

official sued in his or her official capacity," jurisdictional discovery would not be available with respect to Defendants sued in their individual capacities. *Smith v. Scalia,* 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd,* No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015). Courts have also recognized that "'jurisdictional discovery should be carefully controlled and limited' to avoid burdening a sovereign who may be immune from suit." *See Davis v. United States,* 196 F. Supp. 3d 106, 121 (D.D.C. 2016) (quoting *Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C. Cir. 2000)).

In the instant motion, Plaintiffs do not dispute that sovereign immunity applies to the federal government or federal government officials sued in their official capacity. *See generally* Pls.' Reply, ECF No. 64. Plaintiffs argue in their Reply that the federal Defendants' "arguments supported by extrinsic caselaw evidence expressly asserting the court's lack of subject matter jurisdiction qualify as a 'factual attack' on the truth of the jurisdictional facts alleged in the Complaint." Pls.' Reply, ECF No. 64 at 6. But it is unclear, and Plaintiffs do not explain, how this is a factual issue. Nor do Plaintiffs explain how the requested discovery would impact the Court's jurisdictional analysis as it relates to sovereign immunity. Defendants simply argued in their Opposition to Plaintiffs' Motion for Preliminary Injunction, and this Court found in its

11

Memorandum Opinion, that Section 1981, Section 1983, and Section 1985 do not waive the sovereign immunity of the United States, and therefore the Court would not have jurisdiction over claims brought under those statutes. *See* Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 32 at 15-17; Mem. Op., ECF No. 55 at 22-24.

The applicability of sovereign immunity here is a question of law, not fact. *See Hawkins v. Washington Metro. Area Transit Auth.,* 311 F. Supp. 3d 94, 103 (D.D.C. 2018) (rejecting plaintiffs' suggestion that "sovereign immunity is a question of fact…when it is a quintessential question of law"). Indeed, there are no additional *facts* that could affect the Court's analysis of sovereign immunity, and "[w]here there is no showing of how jurisdictional discovery would help plaintiff discover anything new, 'it [is] inappropriate to subject [defendants] to the burden and expense of discovery.'" *Vignisson,* 87 F. Supp. 3d at 329 (D.D.C. 2015) (quoting *Atlantigas Corp.,* 290 F. Supp. 2d at 53). The Court will thus not grant requests "irrelevant to the threshold jurisdictional question at issue." *Davis,* 196 F. Supp. 3d at 122.

13

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Expedited Jurisdictional Discovery, ECF No. 60, is **DENIED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**United States District Judge**
**May 4, 2026**